Green, J.
delivered the opinion of the court.
'This is an action of trespass, brought by McIntire against Patton, for taking rails.
On the trial, the plaintiff stated that he was in possession of the land, and that the defendant came and tobk off upwards of one hundred panels of fence.
The defendant then read a deed from A. C. Herron and one from E. T. Herron to himself, for the land from which the rails were taken.
It was proved that the plaintiff was in possession of the land claiming it - as his own, when the defendant purchased it, and took said deeds.
Evidence was introduced, conducing to show, that before the defendant purchased the land from the Herrons, a verbal agreement was made between the plaintiff and defendant, that the defendant should make the purchase for the joint benefit of himself and the plaintiff. Evidence was also introduced to show, that after the defendant had made such purchase, and taken said deeds, the plaintiff had rented part of the land for 1840, and had paid rent therefor.
The court charged the jury, in substance, that if the plaintiff was a naked possessor of the land, and the deed to the defendant covered the land, when the trespass was *448 charged to have been committed, and passed to the defendant a good title thereto, the plaintiff could not recover, for although his possession of the land would enable him to maintain an action of trespass against a wrong-doer, yet it would not against the owner of the land, but that if the plaintiff was in the adverse possession of the land, when the deeds were made, they would be void for cham-perty, unless the plaintiff agreed that the defendant might purchase, and had rented a portion of the premises from him ; that the agreement of the plaintiff that the defendant should purchase, and afterwards renting a portion of the land from him, would estop the plaintiff from denying the defendant’s title.
The jury found a verdict for the defendant, and the plaintiff appealed in error to this court.
1. It is now insisted, that the Circuit Court erred in telling the jury, that if the plaintiff agreed that the defendant should purchase the land, his purchase would not be champertous. It is insisted that such agreement was void and that neither party could take advantage of it.
We think the question, as to the validity of the contract between the plaintiff and defendant, by which the plaintiff agreed that the defendant might purchase the land, and they would divide it, is a matter of no consequence in determining the question of champerty. The enquiry is, did the plaintiff agree that the defendant should make the purchase; if he did, then surely his adverse attitude 'towards the title to be purchased, was surrendered, so far as it could affect the lights of • the defendant. This depends, not on the legality of the agreement, but on the fact of the plaintiff’s consent, for the question, whether *449 his attitude was adverse to the title purchased, is a question of fact.
2. It is said, his Honor erred, in saying, that if the plaintiff had rented part of the land from the defendant, he would be estopped from .denying his title. It is argued that although the relation of landlord arid tenant constitutes an estoppel, yet it would not confirm the deeds that were void.
In this proposition, counsel first admit the estoppel and then deny it. For if the tenant -is estopped to deny the landlord’s title, of course he is estopped to enquire into the validity of his title deeds. To say that he is estopped to enquire into the title, and yet that he may show the deeds are void is a contradiction.
We think there is no error in'-the judgment, and order that it be affirmed.